CITY OF LOUISVILLE, Appellant,

v.

Paulie MILLER, Jefferson Circuit Court Clerk; Commonwealth of Kentucky, County of Jefferson; Bank of Louisville; Bank of St. Helens; Citizens Fidelity Bank and Trust Co.; Continental National Bank of Kentucky; Commercial Credit, A/K/A Union Trust Co.; Citizens Fidelity Mortgage Company; First National Bank of Louisville; Liberty National Bank & Trust Co.; American Fletcher Mortgage Co.; the Cumberland; Wood Highbaugh Mortgage Co.; Future Federal Savings & Loan Assn.; Republic Bank and Trust Company; Lincoln Federal Savings & Loan Assn.; Great Financial Federal; Stockyards Bank & Trust Company; Commonwealth of Kentucky, Attorney General Office, Appellees.

Court of Appeals of Kentucky.

Sept. 27, 1985.

---

Michael Hayes & William P. O'Brien, Louisville, for appellant.

Lawrence Phillips, Asst. County Atty., Frank W. Burke, Speckman & Beaver, Stewart, Handmaker, Paul Keith, K. Gregory Haynes, Claude L. Nutt, Nutt & Yann, Louisville, David L. Armstrong, Atty. Gen., Frankfort, for appellees.

Before COOPER, HOWERTON and LESTER, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellees, defendants below, declaring the provisions of KRS 91.450 through 91.527 unconstitutional and invalid. On appeal, the single issue is whether the trial court erred, as a matter of law, in ruling that there was no genuine issue as to any material fact, and the provisions of the statute in question were unconstitutional as a matter of law. CR 56.03. Reviewing the record below, we reverse.

The essential facts relative to this action are as follows: In July of 1983, the appellant, City of Louisville, filed a declaratory judgment and mandamus action seeking to force the appellee, Paulie Miller, Jefferson Circuit Court Clerk, to accept a lawsuit filed under the provisions of KRS 91.481 through 91.527. The appellee had, up to that time, refused to accept such a lawsuit for filing.

In August of 1983, the Attorney General of Kentucky filed a notice of intention not to intervene with respect to the constitutionality, or unconstitutionality, of the statutes in question. Thereafter, without pro-

viding specific reasons, the trial court entered summary judgment for the appellees ruling that "the provisions of KRS 91.450 through 91.527 are unconstitutional and invalid." The trial court entered an order restraining the appellant from filing a lawsuit under the statutes. It denied the appellant's motion to provide findings of fact and conclusions of law. It is from such summary judgment that the appellant now appeals.

Principally, the issue before this Court is whether the trial court erred, as a matter of law, in ruling that there was no genuine issue as to any material fact, and the statutes in question were unconstitutional. The statutes, commonly referred to as the "Mass Foreclosure Act," allow cities within the Commonwealth to file a single action against individual defendants who are delinquent with respect to real property taxes. The Act, in effect as of July 15, 1982, attempted to provide a remedy for municipal tax collectors who had difficulty in collecting such taxes.

The primary issue involves the notice provisions of the statutes. Although the Mass Foreclosure Act is intended only to provide for an *in rem* action, such actions directly affect the property rights of owners, lienholders, taxing jurisdictions, mortgagees, and other parties similarly situated. KRS 91.4884 specifically requires the tax collector to notify all parties with any interest in the parcel of the pending litigation by first-class mail, certified by a U.S. postal service certificate of mailing:

91.4884. Notice by mail to interested parties.—(1) The collector shall also cause to be prepared and mailed by first class mail, certified by a U.S. postal service certificate of mailing, within thirty (30) days after the filing of such petition, a brief notice of the filing of the suit to any taxing authority or person of record owning or holding any tax bills or claiming any right, title, or interest in or to, or lien upon, any such parcel of real estate as set out in the petition ...

This requirement complies with the minimum constitutional safeguards set forth by the United States Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed.2d 865 (1950). Nevertheless, the statute further provides that *failure* by the collector to mail such notice would not affect the validity of any proceeding brought pursuant to it:

... [t]he failure of the collector to mail the notice, or the failure of the taxing authority or person of record owning any tax bill or claiming any right, title, or interest in or to, or lien upon, any such parcel of real estate, as set out in the petition, to receive such notice shall not affect the validity of any proceedings brought pursuant to the provisions of KRS 91.484 to 91.527.

Under the language of the Court in both *Mennonite Board of Missions, supra*, and *Mullane, supra*, such a provision violates the due process *clause* of the Fourteenth Amendment in that it fails to provide adequate notice to an affected party. Although the Court in *Mennonite Board of Missions* stated that adequate notice could be either by mail or personal service—in accordance with CR 4.01(a)—the second sentence of KRS 91.4884 subsection (1) effectively nullifies that provision. In effect, what the legislature gave in the first portion of subsection (1), it took away in the second section. Consequently, this section of the statute, i.e., "the failure by the collector to mail the notice" is clearly unconstitutional and invalid.

The invalid portion of a statute may be severed unless it is evident that the legislature would not have passed the statute without the specific provision. What the legislature wanted to provide was a simplified, cost-effective and more efficient method for cities to enforce their delinquent tax liens. By adding the sentence (quoted above), the legislators obviously wanted to provide some finality to land sales and to provide some security for purchasers of the property. However, there is no indication at all that the legislation

would not have been passed absent this provision. Furthermore, it is presumed that legislative acts have severable provisions, if what remains after severance is fully operable as a law. There is nothing in the record to overcome the presumption of severability.

Although the constitutionality of the first sentence in KRS 91.4884(1) requiring the mailing of notice by certified mail is not dependent upon any of our procedural rules, due process of law as it pertains to service of process is aided somewhat by our civil rules of procedure such as CR 55.02 and CR 60.02. CR 55.02 provides that "[f]or good cause shown, the court may set aside a judgment by default in accordance with rule 60.02." CR 60.02 allows for relief from a judgment for such reasons as mistake, inadvertence, surprise, excusable neglect, or any other terms justifying relief from the operation of the judgment.

The provisions of KRS 91.4884 are likely to achieve actual notice for a large volume of foreclosures in a manner that is not overly expensive or time consuming. When the notice statute is considered with our procedural rules, it is not only calculated to achieve actual notice by mail, but there are relief provisions for interested parties who fail to receive notice through no fault of their own and who have just cause for relief from a default.

■ Finally, although we find a portion of the notice requirement constitutionally defective, we cannot say that the remaining portions of the statutes are unconstitutional. Although the appellees argue that KRS 91.450, et. seq. is unconstitutional on other grounds—specifically that it violates Sections 27, 28, 109 and 116 of the Kentucky Constitution, and also Sections 47 and 59—we find no merit in such arguments. Specifically, we reject the argument that KRS 91.450, et. seq. constitutes a revenue bill, and therefore violates Section 47 of the state constitution. Although the Act allows taxes to be collected, it does not involve the levying of taxes as a means of raising or collecting revenue. *See Dalton v. State Property and Buildings Commission,* Ky., 304 S.W.2d 342 (1957).

■ Similarly, we reject the argument that the statutes constitute special legislation and therefore are in violation of Section 59 of the Kentucky Constitution. The Act itself does not give a municipal tax lien supremacy or superior authority over either a state or county tax lien. In effect, the Act does not usurp the provision of KRS 134.420(2). And, KRS 92.810 specifically allows cities of all classes to use the provisions of the Act to enforce tax liens.

Finally, we reject the argument that the statutes usurp the authority of the judiciary set forth in Sections 27, 28, 109 and 116 of the Kentucky Constitution. *See Arnett v. Meade,* Ky., 462 S.W.2d 940 (1971).

■ The judgment of the trial court is reversed with directions that it enter a new judgment holding that only the second provision contained in Subsection 1 of KRS 91.4884 is invalid as a violation of the notice requirements set forth by the United States Supreme Court. The trial court is further directed to enter judgment for the appellant requiring the Jefferson Circuit Court Clerk to accept the filing of a mass foreclosure suit.

All concur.